UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

ROBERT DEWAYNE LACEY,   Case No. 3:17-cv-01579-MC

    Plaintiff,   ORDER

    v.

RICHARD IVES, et al.,

    Defendants.
_____

MCSHANE, District Judge:

    Plaintiff, a federal inmate at the Federal Correctional Institution in Sheridan, Oregon (CFI Sheridan), filed this civil rights action and alleged that defendants exhibited deliberate indifference toward his serious medical needs. Defendants now move for dismissal of the claim against defendant Beth Cloos for lack of jurisdiction. The motion is granted.

    Plaintiff brought a *Bivens* claim against Cloos and other defendants arising from medical care plaintiff received while at FCI Sheridan during 2016 and 2017. Defendants maintain that Cloos is entitled to absolute immunity from *Bivens* liability as an employee of the Public Health

1   - ORDER

Service (PHS). *See* 42 U.S.C. § 233(a). Defendants present evidence that Cloos began working at FCI Sheridan in November 2012 as a PHS employee and remains so to the present time. Powley Decl. ¶ 4. As defendants correctly note, the Supreme Court has held that PHS employees are exempt from *Bivens* liability for actions arising from the performance of medical functions within the scope of their employment. *See Hui v. Castaneda*, 559 U.S. 799, 806 (2010) (holding that § 233(a) "grants absolute immunity to PHS officers and employees for actions arising out of the performance of medical or related functions within the scope of their employment by barring all actions against them for such conduct").

Here, Cloos was a PHS employee at all relevant times alleged in the complaint. Further, plaintiff necessarily alleges that Cloos was acting within the scope of her employment when she denied plaintiff pain medication. Accordingly, Cloos was a PHS employee who was acting within the scope of her employment, and she is immune from liability under *Bivens*.[1]

Plaintiff also moves for the appointment of counsel and a copy of the docket sheet. The court does not find that this is an exceptional case warranting the efforts to obtain volunteer counsel. The court will provide a copy of the docket sheet.

## CONCLUSION

Defendants' Motion to Dismiss (ECF No. 25) is GRANTED, and plaintiff's claims against Nurse Cloos are DISMISSED. Plaintiff's Motion for Current Docket (ECF No. 23) is

---

[1] It is the court's understanding that only Cloos and defendant Grassley have been served with the Complaint.

Returns of Service were unexecuted for Drs. Van Patton and Giron, Nurses or Nurse Practitioners Kingsley-Smith and Begenski, and pharmacist Jim Manning, as they are no longer employed at FCI Sheridan. Regardless, plaintiff cannot pursue actions against Kingsley-Smith, Begenski, or Manning, because they, too, were PHS employees during the events in question. Powley ¶¶ 5-7.

2   - ORDER

GRANTED. The Clerk's Office is directed to provide plaintiff with a copy of the current docket sheet. Plaintiff's Motion for Appointment of Counsel (ECF No. 24) is DENIED.

IT IS SO ORDERED.

DATED this  21st  day of November, 2018.

s/ Michael J. McShane
Michael J. McShane
United States District Judge